# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-177-G |
| ) | |
| SAI KUMAR KURREMULA, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SENTENCING MEMORANDUM
## AND MOTION FOR DOWNWARD VARIANCE

**COMES NOW**, Defendant Sai Kumar Kurremula, by and through co-counsel of record, J. Patrick Quillian, Esq. ("Counsel"), submits this sentencing memorandum in support of a sentence of fifteen (15) years' incarceration.[1] This proposed sentence would reflect the nature and circumstances of the offense, Mr. Kurremula's history and characteristics, and would be "sufficient, but not greater than necessary" to comply with the statutory directives of Tit. 18 U.S.C. § 3553(a). The sentence recommended herein represents a downward variance from the guideline range calculated in the final Presentence Investigation Report in this matter (Doc. 27) (the "PSR"), which Mr. Kurremula concedes is correctly calculated at six-hundred (600) months. *See* PSR, ¶84.

**I. Legal Framework**

---

[1] Count 1 of the Indictment in this matter carries a mandatory minimum of fifteen (15) years' incarceration. *See* PSR, ¶84.

After *United States v. Booker*, 543 U.S. 220 (2005), sentencing requires a two-step process. *See United States v. Verdin-Garcia*, 516 F.3d 884 (10th Cir. 2008). First, the district court must consult the United States Sentencing Guidelines and correctly calculate the recommended sentencing range, then consider the factors mentioned in Tit. 18 U.S.C. § 3553(a) to determine a reasonable sentence. *Id*.

II. **Factors under 18 U.S.C. § 3553(a)**

   A. **The Need for the Sentence Imposed to Promote Certain Statutory Objectives: Tit. 18 U.S.C. § 3553(a)**

      1. **The Characteristics of Mr. Kurremula and the Nature of the Offense: (a)(1).**

Mr. Kurremula possesses many redeeming qualities and chacarteristics that don't line up with his conduct in this matter. Despite growing up in India very poor with an abusive, alcoholic father, he was able to obtain a bachelor's and master's degree in computer science in adulthood. He has never abused substances and has no criminal history. After Mr. Kurrenula received his master's degree, he married and worked in IT and was able to send money home to support his wife as well as make small monthly donations to charities in India.

Although Mr. Kurremula cannot change what he has done, he has done all he can to accept responsibility since being approached by law enforcement. When agents executed a search warrant at Mr. Kurremula's Edmond home on February 2, 2024, he voluntarily gave a lengthy, detailed post-Miranda interview in which he admitted to his illegal conduct. *See* PSR, ¶¶31-34. After Mr. Kuremula was

arrested that same day, he quickly retained private counsel and later entered into a plea agreement before being indicted. Even with the plea agreement, Mr. Kurremula faces a fifteen (15) year mandatory minimum sentence and deportation to India once he completes his sentence.

Mr. Kurremula is remorseful for what he has done. His interview with law enforcement at his residence clearly reveals that Mr. Kurremula is ashamed of his actions. PSR, ¶32. Afterwards, he quickly accepted responsibility and pled guilty so that, in part, the victims would not have to testify and be further traumatized. Mr. Kurremula will rely on the support of his wife and family in India while incarcerated, and he hopes to return to IT work in India after completing his sentence.

> **2. The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment: (a)(2)(A)**

The recommended sentence of fifteen (15) years' imprisonment would be a just punishment for Mr. Kurremula that reflects the seriousness of the offense and promotes respect for the law. The variance requested herein would be just and promote respect for the law because it incarcerates Mr. Kurremula for a significant period of time while acknowledging his quick admission of guilt and acceptance of responsibility. To this point, Mr. Kurremula saved the government significant resources by retaining private counsel and not requiring the government to indict him or prepare for a jury trial. Most importantly, Mr. Kurremula's quick acceptance of responsibility prevented the victims in this matter from having to

testify in open Court or even discuss these incidents further with law enforcement.

### 3. To Afford Adequate Deterrence and Protect the Public from Further Crimes by Mr. Kurremula: (a)(2)(C) and (a)(2)(D).

The sentence recommended herein will deter Mr. Kurremula and protect the public from further crimes by him.  Not only will this significant term of incarceration in-and-of-itself protect the public from Mr. Kurremula, but it will also result in him being deported to India when the sentence is over.  This will make it nearly impossible for Mr. Kurremula to legally or illegally return to the United States.  Further deterring Mr. Kurremula from re-offending or returning to the United States is the knowledge that doing either of those things will subject him to further incarceration, something he never wants to experience again.

Sentencing Mr. Kurremula to a sentence anywhere near the guideline range would not deter him from committing crimes in the future any more than a fifteen-year sentence would.  Studies have found that increasing the severity of a crime's punishment does little to deter the crime itself, with the certainty of being caught being a far greater deterrent.  Daniel Nagin, "Deterrence in the 21st Century", *Crime and Justice in America*, pp. 1975-2025 (University of Chicago Press, 2013). Seeing that additional incarceration provides no additional benefit to society, it follows that it is pointless to have the American taxpayer pay $4,147 monthly to incarcerate Mr. Kurremula beyond fifteen (15) years.  *See* PSR, ¶108.  This is especially true since Mr. Kurremula will be deported to India at the completion of his sentence.

### III. CONCLUSION

Mr. Kurremula accepts responsibility for his actions. While he recognizes the seriousness of the offense and the need for punishment, we submit that a downward variance based upon the arguments herein make a sentence of fifteen (15) years' incarceration appropriate under the circumstances and in line with the statutory goals of sentencing.

Respectfully submitted,

/s/J. Patrick Quillian
J. Patrick Quillian, OBA#20811
Phillips, Coventon, Quillian &
Banner, PLLC
1900 Northwest Expressway, Suite 601
Oklahoma City, Oklahoma 73118
Telephone: (405) 418-8888
Facsimile: (405) 260-9573
 Email: jpatrickquillianpc@gmail.com
*Co-Counsel for Defendant*

### Certificate of Service

  X    I hereby certify that on or before the 22nd day of August, 2024, a copy of the attached document was electronically transmitted to all ECF registrants in the above-referenced matter that have entered their appearance, including Assistant United States Attorney Elizabeth Joynes.

s/J. Patrick Quillian
J. Patrick Quillian, OBA#20811